**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**TONY EDWARD DUCKSWORTH**                                          **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:13cv486-MTP**

**DR. RON WOODALL, et al.**                                       **DEFENDANTS**

**OPINION AND ORDER**

THIS MATTER is before the Court the Motion for Summary Judgment [41] filed by Defendants Maggie McClellan and Ron King and the Motion for Summary Judgment [47] filed by Defendant Dr. Ronald Woodall. After careful consideration of the motions, the submissions of the parties and the applicable law, the Court finds that the Motions for Summary Judgment [41] and [47] should be granted, and that this matter should be dismissed with prejudice.

**BACKGROUND**

Plaintiff Tony Edward Ducksworth, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights action on or about April 12, 2012, pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"). Although he is currently incarcerated at the Mississippi State Penitentiary ("MSP") located in Parchman, Mississippi, the instant action arises from alleged events that occurred en route to and at South Mississippi Correctional Institution ("SMCI") located in Leakesville, Mississippi. Plaintiff's claims and requested relief were clarified and amended through his sworn testimony at

---

[1] *See* Complaint [1].

a *Spears*[2] hearing held on December 18, 2013.[3]

Plaintiff claims stem from an automobile accident that occurred on or about November 1, 2011, while he was being transported from MSP to SMCI in a MDOC van. First, Plaintiff alleges a claim of deliberate indifference to his safety. Plaintiff claims that the driver of the van, MDOC employee Maggie McCllellan, was not paying attention and text messaging when she rear-ended the vehicle in front of her. Plaintiff alleges that he was thrown over the seat in front of him when the two vehicles collided.[4]

Second, Plaintiff alleges claims of deliberate indifference to his medical needs. He asserts that after the accident, he and the other inmates in the van were taken to Central Mississippi Correctional Facility ("CMCF") and told to sign consent forms. Plaintiff states that he refused to sign the form. He also claims that he was not examined by a doctor or any medical provider at that time.

Plaintiff claims that after stopping at CMCF, he and the other inmates were taken to SMCI in the same van, which was in a drive-able condition after the accident. Plaintiff claims that he began having headaches on the ride to SMCI. On arrival, Plaintiff alleges that he went to infirmary, where he was given Ibuprofen for his headache. Plaintiff alleges that he continued to suffer from headaches, and submitted a sick call request. He alleges that he was examined by Defendant Dr. Ronald Woodall, who gave him more Ibuprofen. Plaintiff alleges that he told Woodall that the Ibuprofen was not working, and that Woodall prescribed him other medications, including Naproxen

---

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3]*See* Omnibus Order [23].

[4]*See* Omnibus Order [33] at 2.

and muscle relaxers.[5]

Plaintiff alleges that in March 2012, Woodall sent him to see Dr. McCollum, a non-prison physician. Plaintiff alleges that McCollum prescribed him medications and directed him to cease taking the medication he received from Dr. Woodall. Plaintiff alleges that he is currently taking Excedrin Migraine, but that he still experiences headaches. Plaintiff does not assert that Dr. Woodall deliberately mistreated him, but rather that Dr. Woodall failed to properly treat him.[6]

Plaintiff also names Ron King, Superintendent of SMCI, as a Defendant. Plaintiff alleges that he is suing King because he asked King to be transferred to another facility in order to receive proper medical treatment. Plaintiff claims that King failed to move him although he had the power to do so. Plaintiff requests transfer from MSP to another facility where he can receive proper treatment.[7]

Defendants Maggie McClellan and Ron King filed their Motion for Summary Judgment [41] on January 12, 2015, arguing that they are entitled to summary judgment on the basis of sovereign and qualified immunity. Defendant Ron Woodall filed his Motion for Summary Judgment [47] on January 27, 2015, and argues that he is entitled to summery judgment because Plaintiff has failed to demonstrate that Dr. Woodall was deliberately indifferent to his serious medical needs.

## **STANDARD**

A motion for summary judgement will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a

---

[5]*Id.*

[6]*Id.* at 2-3.

[7]*Id.* at 3.

matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

### Claim Against Transport Officer Maggie McClellan

To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). A prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical or safety needs. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001). A plaintiff must meet an "extremely high" standard to show deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotations omitted). For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The United States Court of Appeals for the Fifth Circuit recently discussed deliberate indifference in regard to prisoner transportation in *Rogers v. Boatright*. 709 F.3d 403, 410 (5th Cir. 2013). In *Rogers*, the Fifth Circuit held that an inmate had stated a claim of deliberate indifference, sufficient to survive screening under 28 U.S.C. § 1915(e), where the prisoner alleged that he sustained a serious injury after a prison official operated a transport van recklessly, knowing that there was a substantial risk that the prisoner would be injured if the van stopped abruptly because the prisoner was shackled in leg irons and handcuffs and not provided with a seatbelt. *Id.* The inmate also alleged that the prison official knew that other prisoners had been similarly injured in the recent past, and that the prison official had made the statement that such injuries "happen [] all the time." The Fifth Circuit found that the inmate, on these facts, had alleged "more than mere negligence." *Id.*

Plaintiff alleges that he sustained injuries when McClellan rear-ended another vehicle while text-messaging on her mobile phone. Although courts must view the evidence in the light most favorable to the nonmoving party, the Plaintiff "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner*, 476 F.3d at 343. The Court notes that the instant case is at a different stage of proceedings than that in *Rogers*–Plaintiff's claims have survived initial screening, and the matter is now before the Court on a motion for summary judgment.[8]  Accordingly, it is the Plaintiff's duty to come forward with

---

[8]Moreover, the Plaintiff does not allege or offer proof to support any of the circumstances found persuasive in *Rogers* – namely that he requested and was denied a seat belt, that both his arms and legs were shackled, and that the Defendant was aware of a substantial risk that he would be harmed. Plaintiff also fails to allege that he requested that McClellan to stop text messaging, and that such a request was consciously ignored. *See Brown v. Fortner*, 518 F.3d 552, 561 (8th Cir. 2008) (holding that a prison official acted with deliberate indifference when he refused the plaintiff's request for a seatbelt and ignored the plaintiff's requests to slow down

evidence illustrating a genuine dispute of material fact, and he must do more than re-assert the allegations contained in his complaint. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (holding that once the movant has pointed out the absence of evidence supporting the nonmoving party's case, a party confronted with a motion for summary judgment is required to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."). In his Response to Summary Judgment [54], Plaintiff simply asserts that he was involved in an automobile accident, a fact which is undisputed. Plaintiff does not assert that McClellan acted intentionally to cause him harm, and he has provided no information to support a finding of deliberate indifference. At best, Plaintiff has established only negligence on McClellan's part. It is well-settled that negligence cannot support a claim for damages under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). For these reasons, the Court finds that Defendant Maggie McClellan is entitled to judgment as a matter of law.

Claim Against Dr. Woodall

The gravamen of Plaintiff's complaint is that Defendant Dr. Ron Woodall denied him proper medical care following his accident. As outlined above, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Domino,* 239 F.3d at 754. For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

---

when he exceeded the speed limit, followed the lead van too closely, crossed over double-yellow lines, and ignored no passing signs).

Deliberate indifference is particularly difficult to establish when the inmate was provided with ongoing medical treatment. "Unsuccessful medical treatments, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346 (citations omitted). The plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Complaints that more treatment should have been ordered, without more, are insufficient to show deliberate indifference. *See Domino*, 239 F.3d at 756 ("[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment.").

Plaintiff's own testimony reveals that he received substantial medical attention following the accident on November 1, 2011. At the *Spears* hearing, Plaintiff stated that he was sent to the infirmary upon his arrival at SMCI that same day. He stated that he was given Ibuprofen for his headache. Plaintiff alleges that he submitted sick calls while at SMCI, and was examined by Dr. Woodall. Dr. Woodall prescribed the Plaintiff Ibuprofen, Naproxen, and muscle relaxers. Plaintiff also alleges that he was sent to a non-prison physician, who prescribed him additional medications. Finally, Plaintiff clearly stated that he did not allege that Dr. Woodall deliberately mistreated him, but only that Woodall treated him improperly.[9]

Plaintiff's medical records further illustrate the extensive medical treatment he received at SMCI. "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.

---

[9] *See* Omnibus Order [33] at 2-3.

1995) (affirming district court's dismissal of inmate's deliberate indifference claims as frivolous); *Harris v. Epps*, 523 Fed. App'x 275, 275 (5th Cir. 2013) (per curium) (affirming summary judgment where inmate's medical records reflected that he had received ongoing medical treatment). The Court notes that Plaintiff has failed to offer any evidence contradicting his medical records. Plaintiff was examined by Dr. Charmaine McCleave at SMCI on November 1, 2011, where she diagnosed him with a mild cervical spasm. She prescribed the Plaintiff Ibuprofen and analgesic cream.[10] Plaintiff was examined by a SMCI nurse a few days later on November 7, 2011.[11]

Plaintiff was seen by Defendant Woodall for the first time on November 10, 2011. Plaintiff complained of neck pain, but Defendant Woodall noted that Plaintiff retained a normal range of motion and strength. Dr. Woodall prescribed the Plaintiff Flexeril.[12] Plaintiff was examined by Defendant Woodall again on December 3, 2011. Plaintiff was prescribed Naproxen[13] and x-rays were ordered.[14] The x-rays were performed on December 7, 2011.[15] On December 20, 2011, Defendant Woodall met with the Plaintiff, and noted that the x-rays revealed a loss of cervical

---

[10]*See* Medical Records [49] at 46-48.

[11]*Id.* at 50-51.

[12]Also known as Cyclobenzaprine. Flexeril is a muscle relaxant used to relieve pain and discomfort from strains, sprains, and other muscle injuries. *See* Cyclobenzaprine, MedlinePlus, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682514.html (Last Visited March 30, 2015).

[13]Naproxen is a non-steroid, anti-inflammatory drug used to treat mild to moderate pain. *See* Naproxen, MedlinePlus, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a681029.html (Last Visited March 30, 2015).

[14]*See* Medical Records [49] at 56-58.

[15]*Id.* at 58.

lordosis.[16] Dr. Woodall adjusted Plaintiff's medications and recommended that he receive non-prison radiology services.[17]

Plaintiff received x-rays and a MRI at Forrest General Hospital in February 2012.[18] He was referred to a neurosurgeon, who found that Plaintiff did not require surgery.[19] Plaintiff continued to be treated by Defendant Woodall and other medical providers until his transfer from SMCI to MSP.[20]

Although Plaintiff is clearly dissatisfied with Defendant Woodall's attempts to treat him, his own testimony as well as his medical records indicate that he regularly received ongoing medical treatment. Plaintiff does not allege that Defendant Woodall "refused to treat him, ignored his complaints, intentionally treated in incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756. Rather, the evidence before the Court reflects that Plaintiff received extensive medical treatment, including several examinations, prescription medication and even a consultation with a neurosurgeon. Furthermore, Plaintiff stated at the *Spears* hearing that he does not allege that Dr. Woodall was

---

[16] Also known as cervical spondylosis, a loss of cervical lordosis is diagnosed when the natural curve in the cervical spine straightens outs, becomes too deep, or faces the wrong direction. *See* Cervical Spondylosis, Mayo Clinic http://www.mayoclinic.org/diseases-conditions/cervical-spondylosis/basics/definition/con-20027408 (Last Visited March 30, 2015).

[17] *Id.* at 59.

[18] *Id.* 150-54.

[19] *Id.* at 162.

[20] *See generally id.*

9

deliberately indifferent.[21] While the Plaintiff clearly disagrees with the treatment he was provided, it is well settled that neither unsuccessful medical treatment nor a prisoner's disagreement with medical treatment establishes deliberate indifference. *See, e.g., Gobert*, 463 F.3d at 346; *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, Defendant Woodall is entitled to judgement as a matter of law.

<u>Deliberate Indifference Claim Against Ron King</u>

Finally, Plaintiff names SMCI Superintendent Ron King as a Defendant. Plaintiff alleges that he asked Defendant King to be transferred to another facility in order to receive proper medical treatment, but that King failed to do so. Plaintiff's testimony reflects that Defendant King is a prison administrator, not a medical provider. *See Coleman v. Houston Indp. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997) ("Only the direct acts of omissions of government officials . . . will give rise to individual liability under Section 1983."). Furthermore, as outlined above, the Court has found that Plaintiff received constitutionally adequate medical care at SMCI. Accordingly, Plaintiff's claim that he should have been transferred to a different facility on that basis is likewise without merit, and Defendant King is entitled to summary judgment.[22]

## **CONCLUSION**

For the reasons stated above, the court finds that the Motion for Summary Judgment [41]

---

[21]*See* Omnibus Order [33] at 3.

[22]Although Defendants McClellan and King have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because the Court finds that the Ducksworth's allegations are not cognizable as constitutional claims, it need not address the issue of whether the Defendants are entitled to qualified immunity.

filed by Defendants McClellan and King and the Motion for Summary Judgment [47] filed by Defendant Dr. Woodall should be GRANTED.  Accordingly,

    IT IS, THEREFORE, ORDERED:

1. That the Motion for Summary Judgment [41] filed by Maggie McClellan and Ron King and the Motion for Summary Judgment [47] filed by Ronald Woodall are GRANTED.

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

    SO ORDERED this the 30th day of March, 2015.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge